F. P. STEWART & CO. *v.* R. L. GRISHAM.

Pleading—Settlement of Accounts—Failure to Assert in Petition—Evidence.
    The failure of a plaintiff to allege in his petition to coerce a settlement agreed upon between the litigants, that such a settlement had been made, will debar the introduction of evidence in regard thereto. And the failure to assert the settlement is conclusive of its nonexistence.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

May 22, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The conflicting testimony as to the settlement is not so irreconcilable as to make it neecssary to impeach the credibility of any of the witnesses. The Penningtons on one side and Grisham on the other, concur as to most of the statements and admissions of the parties while negotiating a settlement. The Penningtons *inferred* that, on those statements and admissions, the parties concluded a final settlement. But the witness Grisham, while he substantially concurs in the statement of those facts, says that the plaintiff thereon, "claimed that the defendants had made, or ought to have made much more whiskey than he had admitted in the negotiation and that, the defendant Stewart not admitting it, the parties separated without concluding a settlement, and that the plaintiff then requested him to remember the conversation, which implied that no settlement had been made and that a suit was expected. This witness also testified that, after the conversation partly detailed by the Pennington witnesses, the parties went into the yard for more conversation on the subject, in the absence of the Penningtons, and, failing to conclude any adjustment, sepa-

rated without any further negotiation. And the Penningtons did not know the result of that last conversation. They probably interpreted the agreement as to facts stated in their presence as a final settlement, and they stated no other reason for construing the conversation heard by them as such settlement. But the witness Grisham, who had a better opportunity to hear all the conversation, derived his opposing conclusion from not only the declarations of the parties in the house, but afterwards in the yard, the last of which the Penningstons did not hear. His conclusion, therefore, is most rational and credible, and the more especially as the retirement to the yard for further negotiation implied that no final setlement had been made in the house, as only inferred by the Penningstons. The only conflict, therefore, is between inference and knowledge—opinion and fact, and consequently the testimony of Grisham does not essentially conflict with that of the Penningstons and is not even neutralized by it.

But the significant fact that the appellants in their pleadings did not allege, or even intimate any settlement, is decisive against it. Without allegation, proof was admissible had the testimony preponderated in their favor. And the failure to assert any settlement is conclusive of its non-existence.

The evidence seems to sustain the commissioner's report and to have also authorized the court to add to the balance reported against the appellant as much as it did for the product of the damaged wheat, and especially as it may have been damaged by the delay and negligence of the appellant Stewart.

Wherefore, the judgment is affirmed.

*Landes & Ritter, for appellants.*

*Phelps, Feland & Evans, for appellee.*